# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER, CDCR #F-46642,<br><br>                           Plaintiff,<br><br>vs.<br><br>B. POWELL, Classification Staff Representative; J. LIZARRAGA, Warden, Mule Creek State Prison,<br><br>                           Defendants. | Civil No.   14cv1707 LAB (RBB)<br><br>**ORDER:**<br><br>**1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE**<br><br>**[ECF Doc. Nos. 2, 3]** |

     Joseph Becker ("Plaintiff"), a state inmate currently incarcerated at Mule Creek State Prison ("MSCP") in Ione, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") in this Court on July 18, 2014 (ECF Doc. No. 1).

     Plaintiff alleges a California Department of Corrections and Rehabilitation ("CDCR") Classification Staff Representative in Sacramento, and the Warden of MCSP violated his Eighth Amendment rights by endorsing a transfer from MCSP to the Sierra Conservation Center ("SCC") where he has known enemy inmates. *See* Compl. at 2-3.

1    Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant
2 to 28 U.S.C. § 1915(a) (ECF Doc. No. 2), as well as a Motion for Injunctive Relief
3 preventing his transfer from MSCP to SCC (ECF Doc. No. 3).

## I.     Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c).  Pursuant to this provision of the PLRA, The Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Plaintiff's complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he is already litigating in the Eastern District of California, where he is incarcerated, and where his claims are alleged to have arisen.  In fact, the Complaint Plaintiff filed in this district on July 18, 2014, contains identical claims of wrongdoing against the same named defendants as a Complaint Plaintiff filed in the Eastern District just one day before.  *See Becker v. Powell, et al.*, E.D. Cal. Civil Case No. 2:14-cv-01688-TLN-CMK (ECF Doc. No. 1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

/ / /

1    A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  Because Plaintiff is already litigating the same claims presented in the instant action in *Becker v. Powell, et al.*, E.D. Cal. Civil Case No.2:14-cv-01688-TLN-CMK, the Court must dismiss this duplicative and subsequently filed civil case, S.D. Cal. Civil Case No. 14cv1707 LAB (RBB), pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## II.    Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action, *Becker v. Powell, et al.*, S.D. Cal. Civil Case No. 14cv1707 LAB (RBB), is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF Doc. No. 2), and his Motion for Injunctive Relief (ECF Doc. No. 3), are **DENIED** without prejudice to his pursuit of the same claims currently pending before United States District Judge Troy L. Nunley in the Eastern District of California in *Becker v. Powell, et al.*, E.D. Cal. Civil Case No. 2:14-cv-1688-TLN-CMK.[1]

The Clerk shall close the file.

DATED:  October 20, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Even if Plaintiff's Complaint in this case were not duplicative of the one he had previously filed in the Eastern District, it would be subject to dismissal or transfer to the Eastern District pursuant to 28 U.S.C. § 1406(a), as the Southern District is the improper venue for raising claims which are alleged to have arisen at MCSP against MCSP and CDCR officials.  *See* 28 U.S.C. § 1391(b) (providing that venue in a civil action is proper in "(1) a judicial district in which any defendant resides, ..." or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...."); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (providing that venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.); 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").